IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANGELA GOODWIN, et al.                                                    PLAINTIFFS

VS.                                    CASE NO. 03-CV-1187

CONAGRA POULTRY COMPANY
and PILGRIM'S PRIDE CORPORATION                                           DEFENDANTS

## **ORDER**

Before the Court is Defendants ConAgra Poultry Company and Pilgrim's Pride Corporation's Motion for Summary Judgment against Separate Plaintiff Angela Goodwin. (Doc. No. 40). Goodwin has responded. (Doc. No. 48).

This is a putative class action filed by Angela Goodwin and six other named plaintiffs against the Defendants ConAgra Poultry Company and Pilgrim's Pride Corporation. The named Plaintiffs allege that the Defendants have subjected them to racial discrimination in violation of 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-102, 107. Plaintiff Angela Goodwin alleges claims for hostile work environment and failure to promote arising out of her employment with the Defendants. The Defendants have moved for summary judgment on both claims.

In her response to Defendants' summary judgment motion, Goodwin states that she is dropping her failure to promote claim against the Defendants. Therefore, the Defendants' motion for summary judgment as to Goodwin's failure to promote claim is hereby **granted**.

Defendants argue that summary judgment is appropriate in this case because Goodwin is

unable to establish a *prima facie* case of hostile work environment. After reviewing the Defendants' voluminous motion and exhibits, the Court might agree, except the parties have limited their discovery up to this point to class certification issues. In fact, it appears that the only merits-based discovery that has taken place is the deposition of Mike Gooch, Pilgrim's Complex Human Resources Manger. Therefore, the Court believes that the motion for summary judgement now before the Court is premature.

Defendants argue that a court can rule on a summary judgment prior to its decision on class certification if the plaintiff's underlying claims are without merit. The Court agrees. However, merits-based discovery has not begun in this case. By agreement the parties have limited their discovery to class certification issues. The Court believes that it would be unfair to Goodwin to rule on Defendants' motion for summary judgment when she has not had the opportunity to discover evidence that could create a genuine issue of material fact in regards to her remaining hostile work environment claim. Therefore, the Defendants' motion for summary judgment as to Goodwin's hostile work environment claim is hereby **denied** as premature. This motion may be resubmitted after merits-based discovery is completed in this case.

IT IS SO ORDERED, this 27th day of March, 2006.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge