IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANGELA GOODWIN, et al.                                          PLAINTIFFS

VS.                              CASE NO. 03-CV-1187

CONAGRA POULTRY COMPANY
and PILGRIM'S PRIDE CORPORATION                                 DEFENDANTS

## ORDER

Before the Court is Defendants ConAgra Poultry Company and Pilgrim's Pride Corporation's Motion for Summary Judgment against Separate Plaintiff Johnny Gill. (Doc. No. 111). Gill has responded. (Doc. No. 129).

This is a putative class action filed by Johnny Gill and six other named plaintiffs against the Defendants ConAgra Poultry Company and Pilgrim's Pride Corporation. The named Plaintiffs allege that the Defendants have subjected them to racial discrimination in violation of 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-102, 107. Plaintiff Johnny Gill alleges claims for hostile work environment, disparate treatment and failure to promote arising out of his employment with the Defendants. The Defendants have moved for summary judgment on all of his claims.

In his response to Defendants' summary judgment motion, Gill states that he is not maintaining a failure to promote claim against the Defendants. Therefore, the Defendants' motion for summary judgment as to this claim is hereby **granted**.

Defendants argue that summary judgment is appropriate in this case because Gill is

unable to establish a *prima facie* case of hostile work environment or disparate treatment. After reviewing the Defendants' voluminous motion and exhibits, the Court might agree, except the parties have limited their discovery up to this point to class certification issues. In fact, it appears that the only merits-based discovery that has taken place is the deposition of Mike Gooch, Pilgrim's Complex Human Resources Manger. Therefore, the Court believes that the motion for summary judgement now before the Court is premature.

Defendants argue that a court can rule on a summary judgment prior to its decision on class certification if the plaintiff's underlying claims are without merit. The Court agrees. However, merits-based discovery has not begun in this case. By agreement the parties have limited their discovery to class certification issues. The Court believes that it would be unfair to Gill to rule on Defendants' motion for summary judgment when he has not had the opportunity to discover evidence that could create a genuine issue of material fact in regards to his remaining claims. Therefore, the Defendants' motion for summary judgment as to Gill's hostile work environment claim and his disparate treatment claim is hereby **denied** as premature. This motion may be resubmitted after merits-based discovery is completed in this case.

IT IS SO ORDERED, this 27th day of March, 2006.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge