IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ANGELA GOODWIN, et al.                                    PLAINTIFFS


VS.                            CASE NO. 03-CV-1187


CONAGRA POULTRY COMPANY
and PILGRIM'S PRIDE CORPORATION                          DEFENDANTS


## ORDER

Before the Court is Defendants ConAgra Poultry Company and Pilgrim's Pride

Corporation's Motion for Summary Judgment against Separate Plaintiff Robert Nelson.  (Doc.

No. 120).  Nelson has responded.  (Doc. No. 140).

This is a putative class action filed by Robert Nelson and six other named plaintiffs

against the Defendants ConAgra Poultry Company and Pilgrim's Pride Corporation.  The named

Plaintiffs allege that the Defendants have subjected them to racial discrimination in violation of

42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-102,

107.[1]  Plaintiff Robert Nelson alleges claims for hostile work environment, wrongful termination

and failure to promote arising out of his employment with the Defendants.

The Defendants have moved for summary judgment on all of his claims.  Among the

arguments, Defendants claim that summary judgment is appropriate because Nelson's claims are

barred as a matter of law pursuant to the doctrine of judicial estoppel.  After reviewing the

---

[1] Originally, Nelson also alleged a violation pursuant to the Age Discrimination in
Employment Act ("ADEA"), 29 U.S.C. § 623(a).  On February 23, 2005, Nelson moved
to withdraw his age discrimination claim.  On March 22, 2005, the Court granted the
motion and dismissed Nelson's claim under the ADEA.  (Doc. No. 39).

record, the Court agrees.

BACKGROUND

Plaintiff Robert Nelson's second term of employment with the Defendants began on September 25, 2000. On June 4, 2002, Nelson filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Western District of Arkansas. He was represented by the Dickerson Law Firm in his bankruptcy case. Nelson did not list any potential claims against the Defendants on his bankruptcy schedule of assets. On February 20, 2003, while his bankruptcy was pending, Nelson was discharged from his job by the Defendants. On June 28, 2003, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that the Defendants terminated him in violation of the ADEA. On July 28, 2003, the EEOC issued a Right to Sue letter to Nelson. On December 22, 2003, Nelson and six others filed this putative class action against the Defendants. In the action, Nelson alleged that he was discriminated against by the Defendants in violation of the ADEA[2], 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993. Nelson did not amend his bankruptcy petition to list this action as a potential asset of the bankruptcy estate. On May 27, 2004, Nelson's bankruptcy was closed by the bankruptcy trustee and Nelson's creditors went unpaid. Since that time, Nelson has not sought to reopen this bankruptcy in order to include his claims against the Defendants in that bankruptcy estate.

On October 8, 2005, Nelson filed a second Chapter 13 bankruptcy petition. He was again represented by the Dickerson Law Firm. In this second bankruptcy, Nelson listed his action against the Defendants as an asset of this bankruptcy estate. However, this bankruptcy

---

[2] As noted above, Nelson's ADEA claim was withdrawn and dismissed by the Court.

petition does not list any of Nelson's earlier creditors that went unpaid in his first bankruptcy.

Defendants argue that because Nelson took an inconsistent position in his first bankruptcy

petition the Court should dismiss him from the lawsuit based upon the doctrine of judicial

estoppel.

DISCUSSION

Under the doctrine of judicial estoppel, a party is precluded from asserting a claim in a

legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.

The purpose of the doctrine "is to protect the integrity of the judicial process and to prevent

parties from playing fast and loose with the courts by prohibiting parties from deliberately

changing positions according to the exigencies of the moment." *New Hampshire v. Maine,* 532

U.S. 742, 749 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)(citations and internal quotations

omitted). It is an equitable doctrine invoked by a court at its discretion and should not be

invoked where a plaintiff's former position was the product of inadvertence or mistake. *Id.* at

750, 753 (citations omitted); *Taylor v. Comcast Cablevision of Arkansas, Inc.,* 252 F.Supp.2d

793, 796 (E.D. Ark. 2003). The Eighth Circuit has stated that judicial estoppel is not appropriate

unless the judicial forum or process has been abused, and has expressed reluctance to apply the

doctrine in the absence of knowing misrepresentation or fraud on the court. *Total Petroleum,*

*Inc. v. Davis,* 822 F.2d 734, 738 n.6 (8th Cir. 1987). Therefore, the doctrine applies when there

is an intentional or deliberate manipulation of the judicial process which can be inferred from

the record. *Taylor,* 252 F.Supp2d at 796 (*citing Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282,

1287 (11th Cir. 2002)). In determining whether judicial estoppel is applicable in a particular

case, courts will typically consider: 1) whether the present position is "clearly inconsistent" with

the earlier position; 2) whether the party succeeded in persuading a tribunal to accept the earlier position, and 3) whether the party acted inadvertently. *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600 (5th Cir. 2005)(*citing In re Coastal Plains, Inc.,* 179 F.3d 197, 206-07 (5th Cir. 1999)).

A debtor seeking shelter under the bankruptcy laws has a duty to disclose all assets, including potential assets, to the bankruptcy court. *See* 11 U.S.C. § 521(1). This duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change. *See* 11 U.S.C. § 541(a)(7); *Burnes,* 291 F.3d at 1286 (*citing In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir. 1999)). In this case, when Nelson first filed his bankruptcy petition in 2002, he had not filed his EEOC charge or this lawsuit. Therefore, he took the position that he had no legal claims that would constitute an asset of his estate. However in 2003, after he filed his EEOC charge, received his right to sue letter and filed this employment discrimination action, he did have legal claims that were assets of his bankruptcy estate. Nelson had an affirmative duty to amend his schedule of assets to include his claims against the Defendants as an asset of the bankruptcy estate. Nelson did not do this. He continued to take the position that he had no legal claims that constituted an asset of his estate even though this lawsuit was filed during the pendency of his bankruptcy. The bankruptcy was eventually closed by the trustee without the knowledge that the estate contained a potential judgment against the Defendants.

Nelson is now taking the position that he has a viable legal claim against the Defendants and that the claim is an asset of his second bankruptcy estate. This position is clearly inconsistent with the position Nelson took in his first bankruptcy, a position which the

bankruptcy court accepted to the detriment of Nelson's creditors. The Court does not believe that Nelson's prior position was the product of inadvertence or mistake. It is clear from the record that Nelson knew that his claim against the Defendants was an asset of his bankruptcy estate. This is apparent from the fact that he listed it as such in his second bankruptcy. This and the fact that Nelson did not list the claim in his first bankruptcy, even after he filed suit against the Defendants, indicates to the Court that Nelson knowingly misrepresented his assets in his first bankruptcy. The Court believes that Nelson deliberately took inconsistent positions in these proceedings in order to gain an unfair advantage. The Court will not allow Nelson to benefit from his intentional misrepresentation.

It is clear to the Court that Nelson is playing fast and loose with the courts. Therefore, in order to protect the integrity of the judicial process, the Court believes that Nelson should be judicially estopped from pursuing his discrimination claims against the Defendants.

## CONCLUSION

Based upon the foregoing, the Court finds that the doctrine of judicial estoppel is applicable to Robert Nelson and his claims against the Defendants. He is, therefore, barred from pursuing these claims. Defendants' Motion for Summary Judgment as to Separate Plaintiff Robert Nelson is hereby **granted** and his discrimination claims against the Defendants are hereby **dismissed** with prejudice.

IT IS SO ORDERED, this 27th day of March, 2006.

_____/s/Harry F. Barnes_____
Hon. Harry F. Barnes
United States District Judge