IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANGELA GOODWIN, et al.                                              PLAINTIFFS

VS.                            CASE NO. 03-CV-1187

CONAGRA POULTRY COMPANY
and PILGRIM'S PRIDE CORPORATION                          DEFENDANTS

## **ORDER**

Before the Court is a Motion to Compel filed on behalf of the Defendants, ConAgra Poultry Company and Pilgrim's Pride Corporation. (Doc. No. 88). Defendants seek the following: 1) an order directing the Plaintiffs to produce the documents requested in Defendants' Requests for Production Nos. 1, 2, 3, 6, 7, 8, 9, 10, 11, and 12 in Defendants' Second Set of Requests for Production of Documents; 2) an order directing Plaintiff Angela Goodwin to turn over the fifth photograph taken by her of the bathrooms at the Defendants' El Dorado facility; and 3) an order directing the Plaintiffs to respond to Interrogatory No. 25 in Defendants' Second Set of Interrogatories. The Plaintiffs have responded. (Doc. No. 92). The Court finds the matter is ripe for consideration.

*Requests for Production in Dispute*

Request for Production Nos. 1 and 2: In Request No. 1, Defendants ask the Plaintiffs to produce all agreements they have with their counsel. In Request No. 2, Defendants ask the Plaintiffs to produce all fee agreements they have with their counsel. Plaintiffs objected to both requests on the ground that pursuant to the Court's previous ruling the items requested by the

Defendants are subject to attorney-client privilege. Defendants contend that the Plaintiffs' fee agreements are not subject to attorney-client privilege and are discoverable pursuant to Fed.R.Civ.P. 23(g).

In its previous ruling, the Court held that the Plaintiffs' fee agreements with their attorneys are not subject to the attorney-client privilege. Despite this finding, the Court held that the fee agreements in question were not discoverable in regards to the Plaintiffs' financial ability to sustain this class action because the cost of the litigation was being advanced by Plaintiffs' counsel. However, the Court did find that the fee agreements could be discoverable in regards to the adequacy of the class representatives if a conflict of interest arose between the class representatives and the class. Defendants are not arguing that such a conflict exists in this case.[1] They are arguing that the agreements are necessary in order for the Court to apply the exacting standards set forth in Fed.R.Civ.P. 23(g) regarding appointment of class counsel.

Rule 23(g) sets out the factors a Court must consider in appointing class counsel to fairly and adequately represent the interests of the class. These factors include the work that counsel has done in identifying potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law and the resources that counsel will commit to representing the class. Rule 23(g) also states that a Court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the class. Defendants claim that the fee agreements

---

[1] Defendants do argue that the Plaintiffs' unfamiliarity with the basic contours and details of this case raises serious doubts about their ability to adequately represent the putative class and, thus, puts them in conflict with the class. Although this may be true, the fee agreements between Plaintiff and their counsel play no role in this conflict and are not discoverable on this ground.

between Plaintiffs and their counsel are pertinent in making this determination. The Court agrees that such fee agreements may be pertinent to the appointment of class counsel if a class is ever certified in this case. However, this case is not to that point in the litigation. Therefore, the motions to compel the production of the agreements and fee agreements between the Plaintiffs and their counsel is hereby **denied** at this time.

Request for Production No. 3: Defendants ask the Plaintiffs to produce the negatives and prints of photographs taken at Defendants' El Dorado plant. In response to this request, Plaintiffs stated that copies of photographs had already been provided to the Defendants and that they were attempting to locate the negatives of these prints. In response to the motion to compel, the Plaintiffs state that they are not in possession of the negatives of these photographs. The Court can not compel the production of items that are not in the Plaintiffs' possession. Therefore, Defendants' motion to compel the production of the negatives of the photographs taken at the Defendants' El Dorado plant is hereby **denied**.

Request for Production No. 6: Defendants ask the Plaintiffs to produce any conflict waivers signed by Plaintiffs. In response to this request, Plaintiffs stated that they perceived no conflicts but did not state that they did not possess any such documents. In response to the motion to compel, the Plaintiffs stated that no such conflict waivers existed. The Court can not compel the production of documents that does not exist. Therefore, Defendants' motion to compel the production of all waivers of conflicts signed by the Plaintiffs is hereby **denied**.

Request for Production No. 7: Defendants ask the Plaintiffs to produce two previous statements made by Angela Goodwin. In response to this request, Plaintiffs state that the statements in question were prepared in anticipation of the present litigation and the *Johnican v.*

*ConAgra* case. Therefore, they contend that these statements are work product documents and undiscoverable under Fed.R.Civ.P 26(b)(3).

In order for these work product documents to be discoverable, Defendants must show that they have substantial need of the materials and they are unable without undue hardship to obtain the substantial equivalent of the materials by other means. The Defendants have not shown that they are unable to obtain this information by some other means. In fact, once merits-based discovery begins in this case, the Court believes the Defendants will be able to obtain substantially the same information contained in these statements from other sources. The statements are, therefore, undiscoverable work product documents. The Defendants' motion to compel the production of Ms. Goodwin's previous statements is hereby **denied**.

<u>Request for Production No. 8</u>: Defendants ask the Plaintiffs to produce all the agreements between their attorneys in this case. In response to this request, Plaintiffs objected to the request on the grounds that such information is not calculated to lead to the discovery of admissible evidence. Defendants contend that this information is relevant and will assist in showing whether Plaintiffs' counsel satisfies Rule 23(g). While these agreements may be relevant if and when the time comes for the Court to appoint class counsel under Rule 23(g), they are not relevant now. Therefore, the motion to compel the production of the agreements between Plaintiffs' attorneys is hereby **denied** at this time.

<u>Request for Production No. 9</u>: Defendants ask the Plaintiffs to produce all documents that refer to Walter Cribb. In response to this request, Plaintiffs answered not applicable. In response to the motion to compel, Plaintiffs states that there are no such documents. The Court can not compel the production of documents that do not exist. Therefore, Defendants' motion

to compel the production of the document that refer to Walter Cribb is hereby **denied**.

Request for Production No. 10: Defendants ask the Plaintiffs to produce all statements or sworn affidavits prepared by the Plaintiffs describing their allegations in this case. In response to this request, Plaintiffs answered not applicable. In response to the motion to compel, Plaintiffs state that such statements or affidavits do not exist. The Court can not compel the production of documents that do not exist. Therefore, Defendants' motion to compel the production of statements or affidavits prepared by the Plaintiffs is hereby **denied**.

Request for Production No. 11: Defendants ask the Plaintiffs to produce all statements or sworn affidavits prepared by Johnny Gill. In response to this request, Plaintiffs answered not applicable. In response to the motion to compel, Plaintiffs state that such statements or affidavits do not exist. The Court can not compel the production of documents that do not exist. Therefore, Defendants' motion to compel the production of statements or affidavits prepared by Johnny Gill is hereby **denied**.

Request for Production No. 12: Defendants ask the Plaintiffs to produce all statements or sworn affidavits that they intend to rely on or use in their motion for class certification. In response to this request, Plaintiffs answered not applicable. In response to the motion to compel, Plaintiffs state that these statements and affidavits have been produced. It appears that the Plaintiffs have produced the requested documents, therefore, there is no need for an order directing their production. Therefore, this motion to compel is hereby **denied**.

Request for the remaining photograph taken by Plaintiff Angela Goodwin: Plaintiff Angela Goodwin is in possession of five photographs she took of the bathrooms at the Defendants' El Dorado plant. She has turned over copies of four of the five photographs.

Defendants ask the Court to order Ms. Goodwin to produce the fifth photograph. The Defendants' motion to compel is hereby **granted**. Plaintiff Angela Goodwin is hereby ordered to turn over this fifth photograph taken by her of the bathrooms at the Defendants' El Dorado plant.

*Interrogatories in Dispute*

Interrogatory No. 25: Defendants ask the Plaintiffs to answer questions concerning the three sets of photographs produced by the Plaintiffs in this case. The sets include photos of graffiti and posters at the Defendants' El Dorado plant (set 1), photos taken by Angela Goodwin of the ceiling of a women's bathroom at the plant (set 2) and photos taken by Johnny Gill of a truck owned by an independent contractor at the plant (set 3). Plaintiffs answer that these photos were admitted into evidence in *Williams v. ConAgra* by stipulation of the Defendants' attorneys, conceding that they were photos of the plants bathrooms. While this is true as to the photos in set 1, this fact goes to admissibility of these photos at trial. The questions asked by Defendants about these and the other photos seek information that is relevant to the claims alleged in this case and, are, therefore, discoverable. The Defendants' motion to compel as to Interrogatory No. 25 and its various subparts is hereby **granted**. Plaintiffs are ordered to respond to Interrogatory No. 25 in Defendants' Second Set of Interrogatories.

CONCLUSION

Accordingly, the Court hereby **denies** Defendants' Motion to Compel as to Defendants' Requests for Production Nos. 1, 2, 3, 6, 7, 8, 9, 10, 11, and 12 in Defendants' Second Set of Requests for Production of Documents. The Court hereby **grants** Defendants' Motion to Compel the remaining photograph taken by Plaintiff Angela Goodwin of the bathrooms at the

Defendants' El Dorado plant.  Ms. Goodwin is hereby ordered to turn over to the Defendants this remaining photograph taken by her.  The Court hereby **grants** Defendants' Motion to Compel as to Interrogatory No. 25 in Defendants' Second Set of Interrogatories.  Plaintiff is ordered to respond to this interrogatory within twenty (20) days of the date of this order.

    IT IS SO ORDERED, this 27th day of March, 2006.

                                                /s/Harry F. Barnes
                                                Hon. Harry F. Barnes
                                                United States District Judge