IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANGELA GOODWIN, et al.                                           PLAINTIFFS

VS.                                    CASE NO. 03-CV-1187

CONAGRA POULTRY COMPANY
and PILGRIM'S PRIDE CORPORATION                                  DEFENDANTS

# ORDER

Before the Court is Defendants ConAgra Poultry Company and Pilgrim's Pride Corporation's Supplemental Motion for Summary Judgment against Individual Plaintiff Angela Goodwin. (Doc. No. 136). Angela Goodwin has filed a reply.[1] (Doc. No. 145) Defendants have responded. (Doc. No. 152) The Court finds the matter ripe for consideration.

Goodwin and six other plaintiffs filed this putative class action against the Defendants alleging violations of 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1992, Ark. Code Ann. §§ 16-123-102, 107. Goodwin alleges a hostile work environment claim against the Defendants.[2] Defendants claim that summary judgment is appropriate against Goodwin because her claim is barred as a matter of law pursuant to the doctrine of judicial estoppel. Alternatively, Defendants argue that the claim is barred because Goodwin is not the real party in interest, *i.e.,* she lacks standing to sue the Defendants.

The record establishes the following facts: Plaintiff Angela Goodwin began to work for

---

[1] Goodwin also asks the Court to strike Defendants' motion. This request is denied.

[2] Originally, Goodwin also alleged a failure-to-promote claim against the Defendants. This claim has been dismissed by the Court. (Doc. No. 156)

the Defendants in 1977. From 1996 to January 2000, Goodwin worked for the United Food and Commercial Workers, Local 2008 as a walking steward. On November 27, 1998, Goodwin filed a Chapter 7 bankruptcy petition. She was represented in her bankruptcy case by Pat Hall. Goodwin did not list any potential claims against the Defendants on her bankruptcy schedules. On March 12, 1999, the Bankruptcy Court entered an order discharging Goodwin from her debts pursuant to 11 U.S.C. § 727. The bankruptcy action was closed on March 18, 1999. In January 2000, Goodwin was removed from the walking steward position. After her removal as a steward, Goodwin began working for the Defendants. On December 22, 2003, some four years after her bankruptcy case was closed, Goodwin filed this action alleging racial discrimination by the Defendants. Upon learning of Goodwin's prior bankruptcy and her failure to list any potential claims on her bankruptcy schedules, Defendants have moved for summary judgment against Goodwin based upon the doctrine of judicial estoppel, or, in the alternative, for lack of standing.

DISCUSSION

Judicial estoppel applies when a party asserts a claim or position in a legal proceeding that is inconsistent with the claim or position taken by that party in a previous proceeding. *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). The doctrine's purpose "is to protect the integrity of the judicial process and to prevent parties from playing fast and loose with the courts by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (citations and internal quotations omitted). It is an equitable doctrine invoked by a court at its discretion and should not be invoked where a plaintiff's former position was the product of inadvertence or mistake. *Id.* at 750, 753 (citations omitted); *Taylor v. Comcast Cablevision of Arkansas, Inc.,* 252 F.Supp.2d 793, 796 (E.D.Ark.

2

2003). The Eighth Circuit has stated that judicial estoppel is not appropriate unless the judicial forum or process has been abused, and has expressed reluctance to apply the doctrine in the absence of knowing misrepresentation or fraud on the court. *Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 738 n. 6 (8th Cir. 1987). Therefore, the doctrine applies when there is an intentional or deliberate manipulation of the judicial process which can be inferred from the record. *Taylor,* 252 F.Supp.2d at 796 (*citing Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1287 (11th Cir. 2002)).

Debtors have a duty to disclose all legal or equitable interests in property in their bankruptcy petition. This includes all claims or causes of action existing at the time the bankruptcy case was filed. In her bankruptcy proceeding, Goodwin took the position that she had no legal claims that would constitute as asset of her estate. In this proceeding, she contends that she has such claims. Those positions are facially inconsistent. Defendants argue that because Goodwin stated that she had no legal claims (actual or potential) against them in her bankruptcy proceeding, she is judicially estopped from bringing her claim against them now. Goodwin argues, however, that judicial estoppel does not apply because at the time of her bankruptcy petition she had no idea that she would be a plaintiff in a civil rights action against the Defendants some five year later.

In 1998 when Goodwin filed her bankruptcy petition, she was employed by the Union as a walking steward. There is no evidence that Goodwin believed she had a claim against ConAgra, a party who was not her employer at the time, or that she intentionally concealed it from the bankruptcy court. The mere failure to list a claim in her bankruptcy proceeding, especially one filed over five years later, does not support a finding of intent on the part of

Goodwin. *Taylor,* 252 F.Supp.2d at 799 (*citing Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,* 81 F3d 355, 364 (3rd Cir. 1996)). There is no evidence that Goodwin deliberately manipulated the judicial process in order to seek an unfair advantage. Therefore, judicial estoppel in not appropriate in this case.

Defendants also argue that Goodwin's claims should be dismissed because she lacks standing to bring this action because she failed to list the claim on the schedules accompanying her bankruptcy petition. The debtor in a bankruptcy case is required to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A potential legal claim is undisputedly an asset and should be claimed as such in a bankruptcy petition. As the Eighth Circuit has made clear, "the property of the bankruptcy estate includes all causes of action that the debtor could have brought at the time of the bankruptcy petition." *United States ex rel. Gebert v. Transport Admin. Servs.,* 260 F.3d 909, 913 (8th Cir. 2001)(*citing In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d 1222, 1225 (8th Cir.) *cert. denied,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987)). Therefore, the question before the Court is whether Goodwin possessed a cause of action at the time she filed her bankruptcy petition on November 27, 1998. If she did, her cause of action belongs to the bankruptcy trustee. *Harris v. St. Louis Univ.,* 114 B.R. 647, 649 (W.D.Mo. 1990).

In this case, when Goodwin filed her bankruptcy petition in 1998 she was a Union steward. It was not until she returned to work for the Defendants in January 2000 that she believes the Plant management began harassing her and trying to remove her from her job. It was not until 2003 that Sheila Bagley, who was her "biggest problem," became her superintendent. It appears to the Court that Goodwin's claim against the Defendants did not

accrue until after her return to work for the Defendants in January 2000. Thus, this claim does not belong to her bankruptcy estate.

Based on the above reasoning, the Court finds that Defendants' Supplemental Motion for Summary Judgment should be and is hereby **denied**.

IT IS SO ORDERED, this 27th of March, 2006.


          /s/Harry F. Barnes
          Hon. Harry F. Barnes
          United States District Judge