**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

**ANGELA GOODWIN, JOHNNY GILL**
**NATHAN ROBINSON, EDDIE GUSBY,**
**PAT CURRY, CAROLYN JONES,**
**ROBERT NELSON, For Themselves and**
**On Behalf of All Other Persons Similarly Situated**                  **PLAINTIFFS**

**V.**                                        **CASE NO.: 03-CIV-1187**

**CONAGRA POULTRY COMPANY and**
**PILGRIM'S PRIDE, INC.**                                **DEFENDANTS**

<u>**BRIEF IN SUPPORT OF PLAINTIFFS'**</u>
<u>**MOTION TO STRIKE ADVISORY LEGAL**</u>
<u>**OPINION OF PROFESSOR LINDA MULLENIX**</u>

**INTRODUCTION**

        Attached to Defendant's 186 page "Brief" are 2000 pages of attachments, Exhibit

#29 of which is a legal opinion of Law Professor Linda Mullenix couched as an "Expert

Report."   The report was not provided to counsel for the Plaintiffs prior to its filing.

Professor Mullenix states she was engaged by the Defendants to render an opinion on the

"appropriateness of certification" of the class in this case. In truth, however, the "Report" is

a second brief, citing precedents and conclusions of law, which constitutes a legal opinion,

invading the province of the Court.   As set forth herein, the legal opinion of Professor

Mullenix violates Rules 702 and 704 of the Federal Rules of Evidence and should therefore

be stricken.

**ARGUMENT**

        In *Fargarazzo v. Lehman Brothers*, 2005WL361205 (2005), District Judge

Scheindlin of the Southern District of New York addressed the dilemma posed by legal

opinions presented as expert testimony as follows:

"It is well-established that 'the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence."' ' …Nonetheless, "[i]n evaluating the admissibility of expert testimony, [the Second Circuit] requires the exclusion of testimony [that] states a legal conclusion."… ***Indeed, "[t]his circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion." …"The law of this circuit is that while an expert may provide an opinion to help a jury or judge understand a particular fact, 'he may not give testimony stating ultimate legal conclusions based on those facts."' '***

Citing *Hygh v. Jacobs,* 961 F.2d 359, 363 (2d Cir.1992) and *In re IPO*, 174 F.Supp.2d at 64 (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1294 (2d Cir.1991))

[*Emphasis added at p.1*]

The Judge observed continuing:

More than a century ago, Judge Learned Hand remarked that "[n]o one will deny that the law should in some way effectively use expert knowledge wherever it will aid in settling disputes.  The only question is as to how it can do so best." [*footnote omitted*].  When considering the utility of expert testimony, though, a court must take care not to let academic theory overwhelm legal precedent.  As Judge Keeton recently noted, in considering whether to certify a securities class action, "[w]hen legal precedent is available, I follow it, not economic or academic literature." [*footnote omitted*].  ***Thus, parties should not offer expert testimony if such testimony is merely an attempt to substitute the legal conclusions of an "expert" for those of the court***.  There is a wealth of legal precedent in the field of securities class actions, for example, addressing the complex issues of loss causation and damages in the context of class certification.  Any party addressing such issues should thus draw first on available *legal* precedent-and turn to expert testimony *only if necessary* to assist the court in determining whether a proposed class meets the requirements of Rule 23.

[*Bold emphasis added at p.2*]

In another New York case the Judge opined that the Rule against such testimony

is universal and cited ***cases from every Federal Circuit Appellate Court***:

***The rule prohibiting experts from providing their legal opinions or conclusions is "so well-established*** that it is often deemed a basic premise or assumption of evidence law--a kind of axiomatic principle."  Thomas Baker, "*The Impropriety of Expert Witness Testimony on the Law*," 40 U.

Kan. L.Rev. 325, 352 (1992)… *In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law…*

*In re: INITIAL PUBLIC OFFERING SECURITIES LITIGATION,* 174 F.Supp. 2d 61 (2001) [*Emphasis added at p. 64*]. [*citations omitted from other Circuits except See: Peterson v. City of Plymouth,* **60 F.3d 469, (8th Circuit 1995)**].

In *Peterson*, the 8th Circuit was in accord saying:

Expert opinion testimony is admissible only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. As discussed above, the only disputed issues at trial involved whether the officers actually had probable cause and whether, under qualified immunity analysis, they could reasonably believe they had probable cause. Both probable cause and qualified immunity are ultimately questions of law. *See Estes v. Moore,* 993 F.2d 161, 163 (8th Cir.1993) (per curiam) (probable cause); *Engle v. Townsley,* 49 F.3d 1321, 1323 (8th Cir.1995) (qualified immunity). The jury's role is limited to settling disputes as to predicate facts. *See Arnott v. Mataya,* 995 F.2d 121, 123-24 (8th Cir.1993). In this case, that means the jury was entitled to determine what facts were known to the officers at the time of the arrest. None of Murphy's testimony assisted the jury in this regard. Murphy's testimony involved only his views concerning the reasonableness of the officers' conduct in light of "Fourth Amendment standards." To that end, his testimony was not a fact-based opinion, but a statement of legal conclusion. *See Estes,* 993 F.2d at 163. *The legal conclusions were for the court to make. It was an abuse of discretion to allow the testimony.*

[*Emphasis added at p. 475*]

The artifice used by Defendants in presenting this legal opinion is to have the Professor declare hers to be a "mixed question of law and fact," however, the Court need only look to the format and argument to see that this is a second brief. Professor Mullenix is offered to *instruct* the Court how to Rule --on the law! Professor Mullenix is no fact expert (even though she claims to have reviewed 9100 pages of documents at $400 per hour). She does not aid the Court in understanding any fact, but simply makes legal conclusions and arguments accompanied by citations to the law.

Plaintiffs clearly are already out numbered. Defendants' brief has already surpassed the Plaintiffs' (modest) effort by 2 ½ times!  Another "brief" from another lawyer is simply unfair and impermissible.

Respectfully submitted,

/s/ Morgan E. Welch
Morgan E. "Chip" Welch
Arkansas Bar #75136
WELCH and KITCHENS, LLC
One Riverfront Place, Suite 413
North Little Rock, AR 72114
(501) 978-3030 - Telephone

## CERTIFICATE OF SERVICE

I, Morgan E. Welch, do hereby certify that on the 16th day of June 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Ms. Carolyn Witherspoon
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, AR 72201

Mr. Mark D. Taylor
Ms. Kimberly F. Rich
Mr. Adam T. Dougherty
BAKER & McKENZIE
2300 Trammel Crow Center
2001 Ross Avenue
Dallas, TX  75201

John W. Walker, Esq.
JOHN W. WALKER, P.A.
1723 Broadway
 Little Rock, AR 72206
johnwalkeratty@aol.com

Allen Roberts
P.O. Box 280
Camden, AR 71711
robertslaw@cablelynx.com

And I hereby certify that I have mailed the document by First Class U.S. Mail to the following non-CM/ECF participants:

Robert Pressman
22 Locust Avenue
Lexington, MA 02421

Ricky H. Hicks
523 S. Louisiana, Suite M100
Little Rock, AR 72201

/s/ Morgan E. Welch